NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— August, 1879.

## MATTER OF GARDNER.

*In the matter of the final accounting of* MARY C. GARD-NER, *executrix, &c., of* WILLIAM GARDNER, *deceased.*

A disputed claim of an executor, &c., against the decedent's estate, might be appropriately proved under the Revised Statutes, before an auditor, on final accounting.

An executor has no authority to retain any of the assets of the estate in satisfaction of his debt or claim, until it has been proved to and allowed by the surrogate; and where he has assumed to do so, he is chargeable, on accounting, with the amount appropriated, as assets in hand, with interest.

The same proof is necessary for the establishment of such a claim, in proceedings to sell real estate of the decedent, as in a proceeding specially instituted for such proof, or on a final accounting; and an order validating the claim, made in the first named proceeding, is binding and conclusive upon the estate in either of the others.

The executrix instituted proceedings for the sale of testator's real estate, to pay debts, wherein her claim against the estate, originally for over $9,000, was adjudged at $5,860.82, the difference between these amounts being made up of an appropriation of the assets by her, on account of her demand. The order for a sale, adjudging demands valid, &c., concluded, "subject to the adjustment, as to the exact amount, and right to share in proceeds of sale on final accounting." On such accounting, the executrix having, in her account, stated her claim at $9,469.01, and the amount paid at $5,707.17, and having introduced the above order, &c., in evidence, the auditor disallowed the

payment, holding that by reason of the clause quoted, the claim had not been proved according to law. *Held*, that the clause in question did not deprive the order of its binding effect, as an adjudication of the amount of the claim, but that the basis of the establishment of the claim in the real estate proceeding was erroneous, and that on the final accounting the executrix should have been charged with interest on so much of the assets as she had applied to the claim, down to the time when the same was adjudged by the surrogate in the former proceeding; that the claim should have been for the full amount of her demand; and that she should have been charged with the amount appropriated by her without authority, as assets in hand.

THIS was an application in behalf of the executrix, Mary C. Gardner, to send the matter on final accounting back to the auditor, to enable her to give further proof, and establish her claim against this estate for upwards of $9,000.

It appeared that certain proceedings were taken by the executrix for the sale of the real estate of the decedent to pay debts, and that on that proceeding, her claim was presented and adjudged at $5,860.82, but the order adjudging the demands valid and subsisting against the deceased was qualified as follows : "subject to the adjustment as to the exact amount, and right to share in proceeds of sale on final accounting."

It also appeared that the difference in the original amount of claim and the amount adjudged was made up of an appropriation of the assets of the estate by the executrix on account of her demand against the same.

On the proceeding of final accounting before the auditor, the executrix gave in evidence the proceedings and adjudication upon the claims against the estate, for the purpose of a sale of real estate, as evidence of her claim against the estate on the final accounting ; but on this application, it was contended on the part of the executrix and her counsel, that such evidence was

given upon another branch of the case, and for the purpose of showing the expenses, &c., which attended the real estate proceeding, and not as evidence of the existence and validity of her claim ; and the counsel stated in substance that he did not understand, when the case was submitted to the auditor, that the executrix's demand was disputed, and that if it were, he assumed that it was to be proved and allowed before the Surrogate, personally.

CEPHAS BRAINERD, *for executrix.*

N. B. SANBORN, *for creditors.*

THE SURROGATE.—The moving papers contain strong *prima facie* evidence of the existence and validity of the claim, and it is quite apparent that injustice is likely to be done to the claimant, unless she shall be permitted to give evidence of the claim before the auditor.

On the part of the defense to the motion, it is alleged that the counsel for the executrix was distinctly informed, on the summing up and submission of the matter to the auditor, not only that the executrix's claim was disputed, but that it was insisted that there had been no sufficient proof to establish it before the auditor, and that if any proof were to be given, it should be immediately given before the auditor, and before submission, and that her counsel stated that he relied upon the proceedings for the sale of the real estate as sufficient proof, and should give no further evidence. Her counsel, however, rejoins by affidavit that he did not understand the suggestions of counsel as inviting him to give further proof ; if he had, he would have accepted it.

The order for sale of the real estate recites the proceedings, and that the debts, for the purpose of

satisfying which the said application was made, were justly due and owing, and not secured by judgment or mortgage upon, or expressly charged on the real estate of the deceased, and that the same amounted to $45,822.70 and upwards, and then proceeded to direct the sale.

It is not disputed that this latter amount embraced the executrix's claim established before the Surrogate.

The executrix, in her account, states the amount of her claim at $9,469.01, and the amount paid $5,707.17, and the auditor refuses to allow this payment, because the claim had not been proved according to law, for the reason that the order adjudging claims valid and subsisting against the deceased was subject to adjustment as to the extent and right to share in the proceeds of sale on final accounting, and that it only adjudged the claim valid for the purpose of authorizing the sale of the real estate, and that the executrix should not be credited with the payment to herself of $5,707.17.

It is quite clear that the executrix had no authority to retain any of the assets of this estate in satisfaction of her debt or claim until it had been proved to, and allowed by, the Surrogate (3 *Rev. Stat.*, 96 [6 ed.], § 43), and therefore, on the final accounting, she should have been charged with interest on so much of the assets as she had applied to the payment of said claim down to the time when her claim was adjudged by the Surrogate in the real estate proceedings, and the claim should have been for the full amount of her demand proven, as she had without authority appropriated assets to its payment, and she should have been charged with that amount as assets in hand.

By section 44 of the same statute, it is provided that proof of the debt or claim of an executor or administrator may be made on service and return of a citation for that purpose, or on the final accounting of any such executor or administrator pursuant to the 3d article of the 3d title, chap. 6, of the 2d part of the Revised Statutes, which article provides, among other things, for the settlement of such accounting, by the appointment of auditors. It is quite clear, therefore, that the claim in question might have been appropriately proved before the auditor in this matter.

I do not understand the auditor to hold that if the Surrogate had duly adjudged valid and subsisting against the estate of the deceased, the claim of the executrix, on the real estate proceedings, it was not a valid establishment of the debt against the estate for all purposes, for the same proof is necessary for its establishment in that proceeding, as is required to establish it under a proceeding specially instituted for the proof of an executor's or administrator's claim against the estate, or on final accounting ; and I can see no good reason for holding such an establishment less binding or conclusive upon the estate, than in the other proceedings named ; but if I understand correctly the auditor's report, he bases his opinion that the claim is not sufficiently proved by these proceedings, upon the qualifying language of the order of the Surrogate, " subject to adjustment as to the extent, amount and right to share in the proceeds of sale," etc.,—certainly an unusual and unfortunate expression, but not in my opinion qualifying the amount determined by that order ; and if it reserved any right

to adjust the particular amount in case of error, the determination was effectual until such error should be established.

I entertain no doubt of the sufficiency of the proof before the auditor to establish the claim of the executrix to the amount adjudged by this court on the real estate proceedings, but it is quite apparent that the basis of the establishment of the debt was erroneous, and under the circumstances of the case, I think the executrix should have the opportunity to establish her claim before the auditor upon such terms as will not unreasonably delay the proceedings, or increase the expenses to the estate.

Let an order be entered, sending the matter back to the auditor to take further proof as to the validity and extent of the executrix's claim against this estate, and that the hearing before the auditor be proceeded with upon two days' notice, and proceed from day to day until the proof shall be in, with leave on the part of the contestants to disprove the claim as they shall be advised; the further hearing to be at the expense of the executrix as to auditor's and stenographer's fees, and that they pay to the two counsel opposing this motion the sum of $10 each, on service of a copy of the order to be entered herein.